**Electronically Filed**
**Intermediate Court of Appeals**
**30588**
**30-JUN-2011**
**08:09 AM**

NO. 30588

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANTHONE K. SANTARONE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1716)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth and Ginoza, JJ.)


Defendant-Appellant Anthone K. Santarone (Santarone) appeals from the Amended Judgment of Conviction and Sentence filed on June 15, 2010 in the Circuit Court of the First Circuit[1] (circuit court).  A jury found Santarone guilty of Unauthorized Control of Propelled Vehicle (UCPV), in violation of Hawaii Revised Statutes (HRS) § 708-836 (Supp. 2010).[2]

---

[1]  The Honorable Richard W. Pollack presided.

[2]  HRS § 708-836 provides in relevant part:

> §708-836  **Unauthorized control of propelled vehicle.** (1)  A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.

On appeal, Santarone contends:

(1) There was not substantial evidence to support his conviction.

(2) The comment of the Deputy Prosecuting Attorney (Prosecutor) during closing argument constituted misconduct.

(3) The Prosecutor's questioning during her cross-examination that was designed to "open the door" to adducing evidence of Santarone's prior bad acts constituted misconduct.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Santarone's points of error as follows:

(1) There "was substantial evidence to support the conclusion of the trier of fact" that Santarone had intentionally or knowingly exerted unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent, in violation of HRS § 708-836(1). State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996).

At trial, evidence was adduced that (1) Santarone transferred a license plate from the silver Jeep onto the white Jeep, (2) Santarone drove the white Jeep without the owner's permission, (3) Santarone tried to evade police, and (4) the white Jeep's ignition had been punched. Further, Santarone's girlfriend testified that Santarone started the white Jeep with a screwdriver and he told her to tell the court system that it was not him driving the white Jeep.

Clearly, the jury did not believe Santarone's story, and in reviewing whether substantial evidence exists to support a conviction, due deference must be given to the right of the trier of fact to "determine credibility, weigh the evidence, and draw justifiable inferences of fact from the evidence adduced." State v. Naeole, 62 Haw. 563, 565, 617 P.2d 820, 823 (1980). "[G]uilt may be proved beyond a reasonable doubt on the basis of

reasonable inferences drawn from circumstantial evidence." State v. Mitchell, 88 Hawai'i 216, 226, 965 P.2d 149, 159 (App. 1998) (emphasis omitted) (quoting State v. Pone, 78 Hawai'i 262, 273, 892 P.2d 455, 466 (1995)).

(2) Santarone contends the Prosecutor committed prosecutorial misconduct when she stated in closing argument:

> [Santarone] asked no questions about the car. He don't ask questions about any of the cars that he ever had that had punched ignition because he's not concerned.
>
> And what that means, ladies and gentlemen, is he is not concerned about individuals like Kurt Podrazik who, at the time of the offense, was out to sea serving our country in a submarine. That when he came home from that service, his car was stolen.
>
> He don't care about people like Kurt Podrazik. He don't ask questions. If he can get a car for 50 bucks, he going to get a car for 50 bucks. That was his testimony. He don't care. He don't ask questions. He don't have to. He does what he wants.

Santarone argues that the Prosecutor tried to evoke the jurors' sympathy for Kurt Podrazik, the legal owner of the white Jeep, by emphasizing that Podrazik was "serving our country" at the time his white Jeep was stolen. Santarone further argues that the Prosecutor attempted to inflame the jurors' passions against Santarone by stating that Santarone "don't care about people like Kurt Podrazik," implying that Santarone does not support people who serve the United States in the Armed Forces.

Santarone failed to object to the Prosecutor's statements at trial; therefore, the appellate court

> must, as a threshold matter, determine whether the alleged misconduct constituted plain error that affected [the defendant's] substantial rights. In so doing, [the appellate] court considers the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against the defendant.

State v. Iuli, 101 Hawai'i 196, 208, 65 P.3d 143, 155 (2003) (internal quotation marks and citations omitted). The statements made by the Prosecutor in her closing argument did not amount to plain error. The Prosecutor's statements were drawn from the

evidence and reasonable inferences that could be made from the evidence.

However, assuming arguendo that the Prosecutor's statements were inappropriate and meant to prejudice the jurors against Santarone, the circuit court did not commit plain error because (a) during jury selection, the court told the jury candidates that they "must not be influenced by . . . passion or prejudice against [Santarone]" and "all participants in the trial are to be treated without bias, prejudice, or favoritism on the grounds of . . . occupation"; (b) before closing arguments, the circuit court informed the jury that they "must not be influenced by . . . passion or prejudice against [Santarone]"; (c) "jurors are presumed to follow the court's instructions," State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001); and (d) the evidence against Santarone was overwhelming. Given the strength of the evidence against Santarone, the instructions to the jury, and the nature of the alleged misconduct, we conclude the Prosecutor's statements did not constitute plain error that affected Santarone's substantial rights.

(3) Santarone contends the Prosecutor committed misconduct when she questioned him concerning his knowledge of punched ignitions and their relation to stolen vehicles. Hawaii Rules of Evidence Rule 404(b) provides:

> Rule 404  Character evidence not admissible to prove conduct; exceptions; other crimes.
>
> . . . .
>
> (b)  Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.  In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

Santarone testified on cross-examination that the only time he ever encountered punched ignitions was for legitimate purposes. However, he later admitted that he had encountered punched ignitions on cars known to be stolen. The Prosecutor did not commit prosecutorial misconduct by questioning Santarone concerning his knowledge of punched ignitions, and the circuit court did not disapprove of this line of questioning. The cross-examination of Santarone on this knowledge of punched ignitions was not in violation of HRE Rule 404(b). The cross-examination was appropriate to rebut Santarone's mistake of fact defense. Additionally, it was appropriate under HRE Rule 607 in attacking the credibility of Santarone.

Therefore,

The Amended Judgment of Conviction and Sentence filed on June 15, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2011.

On the briefs:

Thomas Waters
(Hawk Sing Ignacio &
Waters)
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5